IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CHEAURE, individually, JOSEPH LAGIGLIA, individually, JOSE R. MEDRANO, individually, MAYRA P. MENDOZA, individually, and ELENA PALOUMPIS, individually, and on behalf of all other employees similarly situated, ) ) ) ) ) ) ) | JURY DEMANDED<br><br>Case No. |
| Plaintiffs, ) ) | |
| v. ) ) | |
| GREAT LAKES CREDIT SERVICE ORGANIZATION, INC., ) ) ) | |
| Defendant. | |

**COLLECTIVE ACTION COMPLAINT FOR
ACCOUNTING AND JUDGMENT FOR BACK WAGES AND RESTITUTION
UNDER ILLINOIS AND FEDERAL LAW**

NOW COME the plaintiffs, TIMOTHY CHEAURE, individually, JOSEPH LAGIGLIA, individually, JOSE R. MEDRANO, individually, MAYRA P. MENDOZA, individually, and ELENA PALOUMPIS, individually, (hereinafter "Plaintiffs") and on behalf of all other employees similarly situated, pursuant to 29 U.S.C. 201 *et seq*., commonly known as the Fair Labor Standards Act (hereinafter, "FLSA"), and 820 ILCS 105/1 *et seq*., commonly known as the Illinois Minimum Wage Law (hereinafter "IMWL"), by and through their attorney, JAC A. COTIGUALA, complain against GREAT LAKES CREDIT SERVICE ORGANIZATION, INC., and in support of their complaint, state as follows:

**INTRODUCTION**

1. This action seeks redress for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1

*et seq*. ("IMWL"), for Defendant's failure to pay Plaintiffs and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours in a week.

2. Defendant's unlawful compensation practices have denied Plaintiffs and other similarly situated persons their earned wages.

3. Plaintiffs bring Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. The District Court has subject matter jurisdiction over the federal wage claims pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1337 (actions arising under acts of Congress relating to commerce). The District Court had subject matter jurisdiction over the Illinois wage claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## PARTIES

6. At all times relevant hereto, all Plaintiffs and all others similarly situated performed most if not all of their work for Defendant within this Court's jurisdiction.

7. Defendant GREAT LAKES CREDIT SERVICE ORGANIZATION, INC. (hereinafter, "Great Lakes") is an Illinois corporation owned and operated within Illinois and this judicial district.

8. At all times relevant hereto, Plaintiffs and all others similarly situated were and/or are "employee(s)" of Defendant as defined by the FLSA, 29 U.S.C. §203(e), and the IMWL, 820

2

105/3(d), and are not exempt from the minimum wage and overtime provisions of the FLSA and the IMWL.

9. At all times relevant hereto, Defendant was an "employer" as defined in the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

10. Defendant is an Illinois corporation that owns and operates a credit union in Illinois; is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1); and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. Defendant's employees are engaged in interstate commerce and Defendant has an annual gross volume of sales made or business done which exceeds $500,000, exclusive of excise taxes.

12. During the course of their employment by Defendant, Plaintiffs handled services that moved in interstate commerce.

13. Plaintiffs were informed that as a mortgage loan originator ("MLO"), they were not to write down hours in excess of 40 in a workweek but were expected to perform all work assigned to them even if that required them to work more than 40 hours in a week.

14. Plaintiffs worked beyond 40 hours in a workweek in most weeks that they worked as a mortgage loan originator.

15. Plaintiffs and other mortgage loan originators were expected to respond to potential mortgage borrowers whenever they were called, even when they were not scheduled to work.

16. Plaintiffs and the other mortgage loan originators were expected to work beyond their scheduled work shift if a customer or potential customer phone call was not completed by the end of their shift.

17. Plaintiffs and other mortgage loan originators were expected to respond to calls from potential mortgage loan borrowers to their cell phones even outside their scheduled work hours.

18. Plaintiffs and other mortgage loan originators were expected to perform work outside of their scheduled work hours whenever needed.

19. Plaintiffs and all other mortgage loan originators started working for Defendant when it acquired Hawthorne Credit Union in April of 2013.

20. MLOs were all compensated by an hourly rate, which was slightly above the Illinois minimum wage rate as a base against their commission. Commissions over the base were paid on the second paycheck of the following month. *See* Medrano paystubs attached hereto as Group Exhibit 1.

21. On the overtime recognized and paid by defendant, the time and one-half was only calculated on the minimum wage rate and the defendant did not pay on the regular rate which included the earned commission. *See* Group Exhibit 1.

### COUNT I – IMPROPER WAGE PAYMENT UNDER FLSA

22. Plaintiffs repeat and re-alleges paragraphs 1 through 21 as though fully set forth herein.

23. This count arises from Defendant's violation of the FLSA, 29 U.S.C. 201 *et seq.*, including failing to pay overtime at time and one half the regular rate of pay for hours worked over 40 in a week and anything for the unrecorded hours worked over 40 in a week.

24. At any and all times relevant hereto on information and belief, Defendant compensated Plaintiffs and the collective class, through straight time hourly wages and reported overtime at time and one half their minimum wage rate pay. However, there were many hours worked beyond 40 that Defendant did not pay any overtime premium and, in any event, did not pay for hours worked over 40 in accordance with overtime regulations.

25. Defendant's practices violate the FLSA.

26. Plaintiffs represent all similarly situated mortgage loan originators at Great Lakes who have not been paid for all reported hours worked beyond 40 in a week.

27. This suit is properly brought pursuant to 29 U.S.C. § 216 as a collective action because the collective class members consisting of all mortgage loan originators at Great Lakes who were subject to the failure to pay overtime premium under the provisions of the FLSA are similarly situated, share similar factual and employment settings, are not subject to individualized affirmative defenses, and may effectively enforce the FLSA by pooling resources in one proceeding.

28. The books and records of Defendant are material to Plaintiffs' action as they disclose the worked hours formally recognized by the employer, the rate of pay for that work, and the amount paid to employees and the amount of commissions paid.

29. The Court should certify this Count I as a collective action, approve proper notice to go out to the potential collective class members, and determine the rights of the parties as to the named plaintiff, and as to the collective class, pursuant to 29 U.S.C. § 201 *et seq.*

30. Defendant was aware that mortgage loan officers are entitled to overtime pay because they were commission compensated, not salary. In light of this, Defendant willfully violated the FLSA.

31. The Court should direct the Defendant to account for all of said unpaid wages from April 1, 2013 through and including the present, prejudgment interest in accordance with established federal case law and liquidated damages, as provided by 29 U.S.C. § 216.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, ask the court to enter judgment in their favor, and against Defendant for the following relief:

A. judgment in the amount of the difference between Plaintiffs' wages paid and the applicable overtime premium wage under the FLSA for all overtime worked by Plaintiffs;
B. payment for all hours worked but not paid;
C. prejudgment interest in accordance with the federal case law;
D. liquidated damages in accordance with 29 U.S.C. § 216;
E. reasonable attorneys' fees and costs incurred in prosecuting this action; and
F. such other and further relief as this Court deems just and proper.

### COUNT II – VIOLATION OF THE IMWL

32. Plaintiffs re-incorporate by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

33. This Count arises from Defendant's violation of the IMWL for Defendant's failure to pay Plaintiffs wages for all time worked in excess of forty (40) in individual workweeks at the required rate.

34. Defendant directed Plaintiffs to work, and Plaintiffs did work in excess of forty (40) hours in individual workweeks.

35. Other similarly situated employees were likewise directed to work, and did work, in excess of forty (40) hours in individual workweeks.

36. Plaintiffs and other similarly situated employees were entitled to be paid overtime wages for all time worked in excess of forty hours in individual workweeks.

37. Defendant did not pay Plaintiffs, and other similarly situated employees, overtime wages for all time worked in excess of forty (40) in individual workweeks.

38. Defendant violated the IMWL by failing to pay Plaintiffs, and other similarly situated employees, overtime wages for all hours worked in individual workweeks.

39. Pursuant to 820 ILCS 105/12(a), Plaintiffs and other similarly situated employees are entitled to recover unpaid wages from the time Defendant acquired Hawthorne Credit Union to the present.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask the Court to enter judgment in their favor, and against Defendant, for the following relief:

A. enter a judgment in the amount of overtime wages due to Plaintiffs as provided by the IMWL;
B. award statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a);
C. prejudgment interest in accordance with 815 ILCS 205/2;
D. two-percent (2%) per month interest in accordance with 820 ILCS 105/12(a);
E. reasonable attorney's fees and costs incurred in prosecuting this action; and
F. such other and further relief as this Court deems just and proper.

Dated: October 13, 2015                    Respectfully submitted,

                                                           TIMOTHY CHEAURE, individually,
                                                           JOSEPH LAGIGLIA, individually,
                                                           JOSE R. MEDRANO, individually,
                                                           MAYRA P. MENDOZA, individually, and
                                                           ELENA PALOUMPIS, individually,
                                                           and on behalf of all other employees
                                                           similarly situated

                                                        By: /s/ Jac A. Cotiguala
                                                               Attorney for Plaintiffs

Jac A. Cotiguala
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605
Telephone: (312) 939-2100

8